UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ex rel. JACQUELINE PRICE, ) | |
| ) | |
| Relator, ) | |
| ) | |
| v. ) | 12-03107 |
| ) | |
| SHIRLEY PETERS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is the United States' Motion to Alter or Amend Judgment (d/e 45), timely filed under Federal Rule of Civil Procedure 59(e) and agreed to by the Relator Jacqueline Price. (See Relator's Resp., d/e 48.) Price has also filed a Motion for Attorney's Fees (d/e 46) and a Motion for Guidance (d/e 47). For the following reasons, the United States Motion to Alter or Amend Judgment (d/e 45) and Price's Motion for Attorney's Fees (d/e 46) are GRANTED.

## I.  BACKGROUND

A full account of the facts in this False Claims Act case, with which the parties are already familiar, appears in this Court's opinion granting summary judgment to Price as the qui tam relator under 31 U.S.C. § 3730(b).  In summary, Defendant Shirley Peters entered into an agreement with the Springfield Housing Authority ("SHA" or "the Authority"), as local administrator of the United States Department of Housing and Urban Development's Section 8 Voucher Program, to rent a two-bedroom residence to Price, the recipient of a Section 8 Voucher subsidy.  See 42 U.S.C. § 1437f(o); 24 C.F.R. Part 982.  Under the agreement between Peters and SHA, Peters could charge Price a reasonable monthly rent, as determined by SHA, of no more than $370.  The agreement also required that Peters file any residential lease between her and Price, as well as any subsequent revisions, with SHA.  Peters violated this agreement when she entered into another residential lease agreement with Price, a tenancy addendum under which Price paid an additional $280 per month for use of a washer, dryer, and storage shed on the premises of the two-bedroom residence.

Price, on behalf of the United States, filed a complaint against

Peters alleging that Peters had violated the False Claims Act by misrepresenting the amount of rent she was collecting from Price and by collecting rent above the amount permitted in Peters's agreement with SHA. The United States declined to intervene, and Price continued the action. See 31 U.S.C. § 3730(b)(4)(B). Following Price's and Peters's cross-motions for summary judgment, this Court held Peters liable for violating the False Claims Act and awarded treble damages for excess rent—$7,440—plus a $5,500 civil penalty, for a total of $12,940, to Price's attorneys at the Land of Lincoln Legal Assistance Foundation. The United States timely filed the present Motion to Alter or Amend Judgment.

## II.  ANALYSIS

The Court has the power to alter or amend a judgment at the request of a party provided a motion to that effect is filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The United States is a real party in interest of this case, notwithstanding its decision not to intervene and the wholly independent and laudable efforts of Price and her attorneys at Land of Lincoln Legal Assistance Foundation to pursue the claim under

the False Claims Act.  See, e.g., United States ex rel. Lusby v. Rolls-Royce, 570 F.3d 849, 852 (7th Cir. 2009) ("[A]lthough the United States is not a 'party' to a qui tam suit unless it intervenes, it is nonetheless a real party in interest—which is to say that its financial interests are at stake. . . .").  Accordingly, the United States' Motion to Alter or Amend Judgment, filed four days after the entry of judgment, was proper, and this Court may alter or amend the judgment under Rule 59.

As the real party in interest, the United States is entitled to at least 70 percent of the recovery in this case.  Under the False Claims Act's "citizen suit" provision,

> "[i]f the Government does not proceed with an action under this section, the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages.  The amount shall be not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement . . . ."

31 U.S.C. § 3730(d)(2); compare Clean Air Act § 304, 42 U.S.C. § 7604(d) (providing that a private litigant pursuing a citizen suit under the Clean Air Act may be awarded "costs of litigation (including reasonable attorney and expert witness fees)" without reference to percentage caps).  By the same token, the United States

3:12-cv-03107-SEM-BGC  # 50  Page 5 of 11

is entitled to the remaining proceeds.  See <u>United States ex rel. Lusby v. Rolls-Royce</u>, 570 F.3d at 852 ("The United States is entitled to at least 70% of any recovery [under the qui tam provision of the False Claims Act], even when it does not intervene.").  Here, because the United States declined to intervene and Price pursued the False Claims Act action, Price is entitled by statute to recover between 25 and 30 percent of the proceeds of the action in civil penalties and damages.  The United States and Price agree that Price should be awarded proceeds at the high end of this range, 30 percent.  (<u>See</u> United States' Motion to Alter or Amend Judgment, d/e 45, at 3; Relator's Resp., d/e 48, at 1.)  Accordingly, Price is awarded $3882, 30 percent of the $12,940 judgment.  The remaining $9052—70 percent of the $12,940 judgment—is awarded to the United States as the real party in interest.

　　Price is entitled to recover attorney's fees, payable to her able counsel at Land of Lincoln Legal Assistance Foundation.  The False Claims Act's "citizen suit" provision permits a prevailing relator to "receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs.  All such expenses, fees, and costs shall be awarded

against the defendant." 31 U.S.C. § 3730(d)(2). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984).[1] This approach is known as the lodestar approach and requires a further two-step analysis. Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc., 776 F.2d 646, 651 (7th Cir. 1985). First, the Court considers the number of hours worked, subtracting hours spent on "unrelated [and] unsuccessful claims and hours which the attorneys would not bill to their clients," as well as any hours inadequately documented. Id. Second, the Court considers whether special circumstances exist that would require the Court to increase or decrease the lodestar amount. See Hensley v. Eckerhart, 461 U.S. 424, 429–30 (1983) (identifying as possible special circumstances "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to

---

[1] As has been noted in other courts, Blum involved efforts to recover attorney's fees under 42 U.S.C. § 1988 rather than the False Claims Act, but case law construing what is a "reasonable" fee has been more or less uniformly applied across federal fee-shifting statutes providing for a reasonable fee. See Miller v. Holzmann, 575 F. Supp. 2d 2, 11 n.18 (D.D.C. 2008).

perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases").  The reasonable hourly rate is determined by looking to the rates charged to paying clients by other attorneys in the community with similar experience and skill.  Small v. Richard Wolf Med. Instruments Corp., 264 F.3d 702, 707 (7th Cir. 2001).  Where the attorney does not traditionally charge a billing rate, the attorney may submit affidavits of similarly situated attorneys to prove the market rate for his services.  Id.

Before application of these rules, the Court pauses to note that Land of Lincoln Legal Assistance Foundation attorney Lauren Pocock provided estimable representation for Price in commendably efficient fashion, resulting in a complete vindication of the interests of Price and the United States.  That Ms. Pocock's award of attorney's fees will be calculated in the way it must will surely

understate the quality of her work for her client and the value of the contribution she, and Land of Lincoln, have made to the community of Springfield.

Turning to those rules, Ms. Pocock has submitted an affidavit and a fine-grained description of her efforts in this case, totaling 85 hours over the course of approximately 20 months, in pursuit of a recovery she valued in good faith at $59,967. (See Mot. Att'y's Fees, d/e 46, Ex. 1–2.) Ms. Pocock's detailed record-keeping provide the Court with ample evidence to assess her time spent as reasonable in light of the Small factors, especially given the reasonable amount of time necessary to prepare for summary judgment, the skill required to manage the procedural complexity of a qui tam suit, the fact that Land of Lincoln charges its clients no customary fee (fixed or contingent), and the amount obtained in judgment, $12,940. Accordingly, the Court sees no reason to increase or decrease the lodestar amount based on any special circumstances, and Ms. Pocock's reported 85 hours will be used in the final calculation of attorney's fees.

As to the appropriate hourly rate, because Ms. Pocock does not typically charge a billing rate at Land of Lincoln Legal

Assistance Foundation, she attached to the Motion for Attorney's Fees three affidavits from Springfield attorneys in private practice. The attorneys range in experience from 10 to 21 years admitted to the Illinois bar and bill their paid clients $200 to $250 per hour. The attorneys who bill at $250 per hour generally handle commercial litigation while the attorney who bills at $200 per hour generally handles matters including family law, personal injury, and real estate litigation.  Each attorney avers that $200 per hour is a reasonable rate for the Springfield area.  In light of Ms. Pocock's seven years' experience at Land of Lincoln and her practice representing low-income clients in housing and consumer cases, a rate of $200 per hour is reasonable, taking into account the fact that she has practiced for fewer years than her supporting affiants but that her practice and experience are most similar to those of the attorney billing $200 per hour, affiant Jared M. Scott.  (See Mot. Att'y's Fees, d/e 46, Ex. 3, pp. 5–6.)

      Therefore, calculating Ms. Pocock's reasonable fee for 85 hours at the rate of $200 per hour, attorney's fees are awarded to Land of Lincoln Legal Assistance Foundation in the amount of $17,000, payable by Peters.  See 31 U.S.C. § 3730(d)(2) ("All such expenses,

fees, and costs shall be awarded against the defendant.").

Price also submits a bill of costs in the amount of $25.65 for necessary photocopies obtained for use in the case. (See Bill of Costs, d/e 49.) Ms. Pocock avers that these photocopies were necessary to provide documents requested by Peters in discovery. The False Claims Act provides that a prevailing relator may "receive an amount for reasonable expenses which the court finds to have been necessarily incurred . . . ." Id. Accordingly, Price is awarded $25.65 for the expense of her necessary photocopies, payable by Peters.

Finally, on the matter of Price's Motion for Guidance (d/e 47), the Court agrees with Price that no costs were incurred in this case taxable against Price as the relator proceeding in forma pauperis. Accordingly, no portion of the judgment will be withheld from Price, the United States, or Land of Lincoln Legal Assistance Foundation.

### III.    CONCLUSION

For the forgoing reasons, United States Motion to Alter or Amend Judgment (d/e 45) and Price's Motion for Attorney's Fees (d/e 46) are GRANTED. An amended judgment shall be entered

against Peters in the total amount of $12,940, with $3882 payable to Price as the prevailing relator and $9052 payable to the United States as the real party in interest. Attorney's fees and costs, also payable by Peters, are awarded to Land of Lincoln Legal Assistance Foundation in the total amount of $17,025.65.

IT IS SO ORDERED.

ENTER: July 28, 2014

FOR THE COURT: <u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE